IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RICHARD EARLS ) | Case No. 05-53870C-7W |
| ) | |
| ) | |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION

THIS MATTER came before the Court for hearing, upon proper notice, on October 18, 2006, upon the Motion for Order Directing the Cancellation of Deed of Trust Recorded in Violation of the Automatic Stay (the "Motion"), filed by C. Edwin Allman, III (the "Trustee") on September 19, 2006. The Motion requests that the Court direct Edward Garrett, the beneficiary of a deed of trust encumbering the residence of Richard Earls (the "Debtor"), to cancel the deed of trust because it was recorded in violation of the automatic stay afforded by Section 362(a) of the Bankruptcy Code. At the hearing, W. Joseph Burns appeared on behalf of Garrett, and C. Edwin Allman, III appeared in his capacity as the Trustee.

Based upon the arguments presented at the hearing, the evidence presented, and a review of the entire official file, the Court makes the following findings of fact and conclusions of law.

FACTS

On or about March 1, 2005, Garrett loaned $60,000 to the Debtor and his wife (the "Earls"). In return, the Earls executed and delivered to Garrett a promissory note for $60,000.00 and a deed of trust (the "Deed of Trust") against the Earls' residence (the "Property"). Garrett failed to record the Deed of Trust at that time.

On October 14, 2005,[1] the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and the Trustee was appointed. Pursuant to N.C. Gen. Stat. § 1C-1601(a)(1), the Debtor exempted the Property, which at the time of the filing of his petition was owned by the Debtor and his non-filing wife as tenants by the entirety.[2] On his bankruptcy schedules, the Debtor listed the value of the home at $600,000.00 and listed three encumbrances against the Property, totaling approximately $543,000.00. The first encumbrance against the Property is a deed of trust in favor of General Motors Acceptance Corporation, with an approximate balance of $355,000.00. The second encumbrance is a deed of trust in favor of First Union National Bank (now Wachovia Bank), with an approximate balance of $118,000.00. The third encumbrance is the Deed of Trust in favor of Garrett, with an approximate balance of $60,000.00.

The problem with the Deed of Trust is simply one of timing. Garrett did not record the Deed of Trust until December 15, 2005, approximately two months after the Debtor filed his petition. It is this post-petition recording of the Deed of Trust that the Trustee seeks to avoid as a violation of the automatic stay imposed by Section 362(a).

---

[1] The provisions of BAPCPA do not apply to this case. See Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, § 1501(b)(1), 119 Stat. 23, 216 (unless otherwise provided, BAPCPA does not apply to cases commenced before October 17, 2005).

[2] The Debtor and his wife divorced in May of 2006. However, the divorce occurred more than 180 days after the filing of the Debtor's petition. Therefore, Section 541(a)(5)(B) does not operate to sweep the Debtor's interest in the Property, as now owned by the Debtor as a tenant in common with his ex-wife, into the estate. See In re Cordova, 73 F.3d 38, 39 (4th Cir. 1996).

ANALYSIS

I.  Is Property Held as Tenants by the Entirety Included in Property of the Estate?

At the hearing on the Motion, Garrett argued that the Property was not property of the Debtor's bankruptcy estate because the Property was entireties property.  Thus, Garrett argued, the recording of the Deed of Trust post-petition was not a violation of the automatic stay because it was not "an act to create, perfect, or enforce any lien against property of the estate."  11 U.S.C. § 362(a)(4) (emphasis added).

There is arguably some uncertainty as to whether, under North Carolina law, the entireties property of a debtor is included in the debtor's bankruptcy estate pursuant to Section 541(a).  See In re Kearns, 8 F.2d 437, 438 (4th Cir. 1925)(addressing this question under the Bankruptcy Act and holding that entireties property cannot pass to the trustee in bankruptcy due to the nature of entireties property under North Carolina law); In re Reaves, 3 B.R. 605, 607 (Bankr. E.D.N.C. 1980)(holding that entireties property does not pass to the trustee in bankruptcy).  It is to this question that the Court will now turn.

"Under the Bankruptcy Act of 1898, the bankruptcy estate was limited by the [debtor's] ability to transfer property and the ability of creditors to proceed against property in order to obtain satisfaction of their debts."  In re Hunter, 122 B.R. 349, 353 (Bankr. N.D. Ind. 1990) (citing Section 70(a)(5) of the Bankruptcy Act of 1898).  Because, under various state law regimes, entireties property could not be transferred by one spouse, nor could the creditors of one spouse reach entireties property to satisfy their debts, it was held that entireties property could not become part of the bankruptcy estate.  Such was the case in North Carolina.  In re Kearns, 8 F.2d at 438.

This state of affairs led clever debtors to file for bankruptcy protection, receive a discharge on their debts (including joint debts with their spouse), and exit bankruptcy still owning the entireties property. Further, upon exiting bankruptcy, none of the pre-petition joint creditors of the debtor and his or her spouse could recover from the entireties property because, the debtor's obligation having been discharged, the creditors were no longer the beneficiaries of a joint obligation. See In re Hunter, 122 B.R. at 353-55 (explaining the "legal fraud" that was being perpetrated by these clever debtors).

The Bankruptcy Reform Act of 1978, however, changed the analysis of what is, and is not, property of the estate. As the legislative history makes clear, the enactment of Section 541 of the Bankruptcy Code was a significant departure from the pre-Code reliance on transferability and leviability as prerequisites for inclusion as property of the estate. H.R. Rep. No. 95-595, 95th Cong., 1st Session 175 (1977) ("The bill determines what is property of the estate by a simple reference to what interests in property the debtor has at the commencement of the case. This includes all interests . . . whether or not transferable by the debtor."). Under Section 541, the estate is broadly defined to include "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541.

Although questions regarding the scope of Section 541 are questions of federal law, in the absence of federal property law, "the existence and nature of the debtor's interest in tenants by entireties property are determined by nonbankruptcy law." In re Ford, 3 B.R. 559, 564-65 (Bankr. D. Md. 1980)(citing Report of the Commission on Bankruptcy Laws of the United States, H.R. Doc. 93-137, 93rd Cong., 1st Sess. Pt. I at 194 (1973); 4 Collier on Bankruptcy ¶ 541.02 at 541-10 (15th ed. 1979)). Therefore, resolution of the issue requires an inquiry into

4

North Carolina law as it pertains to tenancy by the entirety.

In Ford, the bankruptcy court examined this question under Maryland law. After engaging in a thorough historical exploration of entireties law in Maryland, the court concluded that an individual "has several legal and equitable interests in such property." Id. at 566. The Ford court stated that

> [t]he debtor has an in futuro expectancy based upon his right of survivorship [sic] an expectation of the ownership of the whole of the property. Although the event of survivorship may be contingent and uncertain, the right to that survivorship interest is itself a present interest and not a future contingent right. In addition to the debtor's present right of survivorship, the court finds that the debtor has an undivided, indivisible present right to the use, possession, and income from his tenants by the entireties property.

Id. (internal citation omitted). These interests are enough to qualify the property for inclusion within the estate, given the intent of Congress to include "all property of whatever nature and wherever situate, in which the debtor has an interest at the time of the commencement of the case including the debtor's undivided interest . . . in the use, possession, income, and right of survivorship in property which he holds as tenant by the entirety." Id. at 567-68.

In North Carolina, a party to a tenancy by entirety possesses a right of survivorship. Mansour v. Rabil, 177 S.E.2d 849, 859 (N.C. 1970). Of course, that same party has "an undivided, indivisible present right to the use, possession, and income from his entireties property." Ford, 3 B.R. at 566. See N.C. Gen. Stat. § 39-13.6 (2005). These interests were found by the Fourth Circuit Court of Appeals to be satisfactory. Greenblatt v. Ford, 638 F.2d 14 (4th Cir. 1981), aff'g per curiam, In re Ford, 3 B.R. 559 (Bankr. D. Md. 1980); Sumy v. Schlossberg, 777 F.2d 921, 925 (4th Cir. 1985). Therefore, a debtor's interest in North Carolina

entireties property is property of the estate pursuant to Section 541.[3]

II.  What Is the Effect of the Post-Petition Recording of the Deed of Trust?

Having concluded that the property owned by the Debtor and his ex-wife as tenants by the entirety became property of the estate, the Court now turns to the relief requested by the Trustee.  The Trustee seeks the cancellation of the Deed of Trust on the grounds that its post-petition recording by Garrett was a violation of the automatic stay imposed by Section 362(a).

Under Section 362(a), the filing of a bankruptcy petition operates as an automatic stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. 362(a)(4).  The recording of the Deed of Trust post-petition is such an act and constitutes a violation of the automatic stay.  See, e.g., In re Sapp, 91 B.R. 520, 522 (Bankr. E.D. Mo. 1988)(post-petition recording of a warranty deed); In re Penfil, 40 B.R. 474, 476 (Bankr. E.D. Mich. 1984)(post-petition recording of a sheriff's deed pursuant to a foreclosure sale).

Though Section 362 provides remedies for violations of the automatic stay,[4] the Court is of the opinion that Section 362 is not the proper statutory provision on which to ground relief.

---

[3]As noted above, the Court is aware of In re Reaves, 3 B.R. 605 (Bankr. E.D.N.C. 1980), which states that "[r]eal property owned as tenants by the entirety will not pass to the Trustee in Bankruptcy if only one spouse is before the bankruptcy court."  Id. at 607.  However, Reaves interprets the Bankruptcy Act, not Section 541 of the Bankruptcy Code.  The authorities upon which Reaves relies were written before the enactment of the Bankruptcy Code.  For instance, Reaves relies upon the 1978 edition of Collier on Bankruptcy.  Id. at 607 (citing 4A Collier on Bankruptcy ¶ 70.17 (14th ed. 1978)).  The current version of Collier explains that "[c]ourts now uniformly recognize that the debtor's interest in entireties property becomes part of the estate."  5 Collier on Bankruptcy ¶ 541.05[6][a] (15th ed. Rev. 2006).

[4]See 3 Collier on Bankruptcy ¶ 362.11, et. seq. (15th ed. Rev. 2006).  The Trustee urged that no sanctions be imposed on Garrett.

Rather, Section 549(a)[5] provides the authority by which a trustee may avoid post-petition transfers of estate property. Therefore, the Court will analyze the Trustee's request for relief under Section 549(a).[6]

In order for a Trustee to recover a post-petition transfer of property of the estate pursuant to Section 549, four elements must be satisfied: "(1) a transfer, (2) of property of the estate, (3) made after commencement of the case, and (4) that is not authorized by the bankruptcy code or by the bankruptcy court." In re Merry-Go-Round Enter., Inc., 400 F.3d 219 (4th Cir. 2005). The Code provides that "'transfer' means every mode . . . of disposing of or parting with property or with an interest in property. . . ." 11 U.S.C. § 101(54). The post-petition recording of the Deed of Trust by Garrett was such a "transfer" within the broad definition provided by Section 101(54). See, e.g., In re Timberline Prop. Dev., Inc., 115 B.R. 787, 791 (D.N.J. 1990); In re Southeast Banking Corp., 150 B.R. 833, 834 (Bankr. S.D. Fla. 1993); In re Electric City, Inc., 43 B.R. 336, 342-43 (Bankr. W.D. Wash. 1984).[7] This transfer was a transfer of an interest in the

---

[5]Section 549(a) provides that the "trustee may avoid a transfer of property of the estate (1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court."

[6]Rule 9013 of the Federal Rules of Bankruptcy Procedure provides that a "[m]otion shall state with particularity the grounds therefore, and shall set forth the relief or order sought." The particularity requirement, however, must be read liberally. See 2 J. Moore, Moore's Federal Practice ¶ 56.10 (3d. ed. 2006)("The liberal construction of Rule 7(b)(1) [made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9013] is consistent with the admonition that the civil procedure rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" (citing Fed. R. Civ. P. 1)). Fed. R. Bankr. P. 1001 also provides that the Federal Rules of Bankruptcy Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Id. Therefore, because the Motion was sufficient notice to Garrett as to the relief requested by the Trustee, the Motion will be read liberally to have sufficiently stated the grounds on which relief may be granted.

[7]BAPCPA amended the definition of "transfer" to clarify that a post-petition recordation of a lien constitutes a "transfer" within the meaning of Section 549. See 11 U.S.C. § 101(54) (Supp.

Debtor's entireties property, which was property of the estate. Further, this transfer was made after the commencement of the case. Lastly, the transfer is not authorized by the Bankruptcy Code, nor was it authorized by this Court. Therefore, the recoding of the Deed of Trust by Garret was an unauthorized post-petition transfer of estate property that may be avoided pursuant to Section 549.

## CONCLUSION

The post-petition recording of the Deed of Trust by Garrett was a violation of the automatic stay imposed by Section 362(a). More important, it was an unauthorized post-petition transfer of property of the estate that may be avoided pursuant to Section 549.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

---

2006) (statute now includes the "creation of a lien" within the definition of "transfer"). This amendment was in response to a case decided by the Ninth Circuit in 1997. See H.R. Rep. No. 31, 109th Cong., 1st Sess. 143 (2005); In re McConville, 110 F.3d 47 (9th Cir. 1997). This amendment makes clear that Congress disagrees with the Ninth Circuit's holding that the creation of a lien is not a transfer. 2 Collier on Bankruptcy ¶ 101.54[1] (15th ed. Rev. 2006).

SERVICE LIST

Michael D. West, Esq.
Bankruptcy Administrator
Middle District of North Carolina
Post Office Box 1828
Greensboro, NC 27402

C. Edwin Allman, III, Esq.
Allman Spry Leggett & Crumpler, P.A.
380 Knollwood St., Suite 700
Winston-Salem, NC 27103

Richard Earls
P.O. Box 21461
Winston-Salem, NC 27120

Craig P. Buie
Buckley, McMullen & Buie, P.A.
4421 Sharon Road, Suite 200
Charlotte, NC 28211

William E. Rabil, Jr., Esq.
3600 Country Club Road
Winston-Salem, NC 27104

Edward Garrett
710 Old Gaston Place
Winston-Salem, NC 27103